ALD-033                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1869
_____

DENON KITT,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-15-cv-01115)
District Judge: Robert D. Mariani

_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

November 15, 2018
Before: MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 26, 2018)
_____

OPINION*
_____

PER CURIAM

        Denon Kitt appeals from an order of the District Court granting summary

judgment to the United States of America.  For the reasons that follow, we will

summarily affirm.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kitt, a federal inmate, sued the United States ("the Government") under the Federal Tort Claims Act ("FTCA"), alleging that he contracted latent tuberculosis ("TB") when he was negligently exposed to another inmate, who was suffering from active TB, at the United States Penitentiary in Waymart, Pennsylvania ("USP Canaan"). Kitt alleged that the Federal Bureau of Prisons failed to take reasonable precautions with respect to the infected inmate, by isolating him instead of placing him on Kitt's unit, and that, as a result, he contracted latent TB. He sought $5,000,000 in damages. After taking Kitt's deposition, the Government moved for summary judgment, which Kitt opposed. The Magistrate Judge issued a Report and Recommendation. Kitt submitted Objections. The District Court then overruled Kitt's objections and awarded summary judgment to the Government. In an order entered on April 6, 2018, the District Court denied Kitt's timely motion for reconsideration.

Kitt appeals pro se, and the United States has moved for summary affirmance. Kitt has responded to the motion, and his response has been treated as his Informal Brief.

We will summarily affirm because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying evidence that shows an absence of a genuine issue of material fact, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The District Court is required to view the facts in the light most favorable to the non-moving party and make all reasonable inferences in his favor, see Armbruster v. Unisys Corp., 32 F.3d 768, 777

(3d Cir. 1994). Furthermore, credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor may a District Court weigh the evidence. See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc., 998 F.2d 1224, 1230 (3d Cir. 1993).

On the other hand, the nonmoving party may not rest on mere allegations or denials, Fed. R. Civ. Pro. 56(e)(2), (3). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Kitt was required, in opposing the Government's motion for summary judgment, to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing that there was a genuine issue for trial. See Fed. R. Civ. P. 56(c) (setting forth requirements for supporting or opposing party's assertion that a fact cannot be or is genuinely disputed). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The BOP policy for infectious disease management, including tuberculosis, is set forth in Program Statement 6190.04. This program statement provides that, before an inmate is transferred between BOP institutions, he must be medically cleared for tuberculosis. Specifically, there must be no evidence of medical complaints or symptoms associated with tuberculosis within the past 30 days, and the inmate must have a baseline negative chest x-ray result if the tuberculin skin test is positive.

The summary judgment record establishes the following undisputed facts. Kimberly Bucklaw, R.N., the Quality Improvement Infection Prevention and Control

3

Coordinator at USP Canaan, directs activities to identify and control infectious disease at USP Canaan. Her review of the medical records of the infected inmate disclosed that he was transferred into USP Canaan from Estill Federal Correctional Institute in South Carolina in May, 2011. On arrival, the medical documentation indicated that this inmate, while previously treated for latent tuberculosis, was asymptomatic for active tuberculosis. The inmate's Intra-System Transfer Form indicated that he had a chest x-ray performed on April 20, 2011, which was negative for active TB. Accordingly, he was not isolated from other inmates. More than a year later, on August 15, 2012, a new x-ray of the carrier inmate's chest revealed a mass in his left upper chest, but the physician specifically stated in his note that he did not see any evidence of tuberculosis in the chest at that time.

On January 18, 2013, a pre-operative chest x-ray revealed an unspecified mass in the inmate's left lung. On June 26, 2013, the inmate had a follow-up examination following a chest x-ray in which a hilar mass of the left lung was observed; a CT scan was ordered to rule out cancer. On August 12, 2013, the inmate was transferred to Wayne Memorial Hospital. An administrative note in the inmate's medical record on August 13, 2013 indicated that he had been placed in isolation. On August 19, 2013, prison medical staff received positive confirmation that the inmate had active TB. In her Report of Consultation, Dr. Rosita Liu confirmed the diagnosis of active TB and made two observations which Kitt now, among other things, relies upon: that the inmate had a "known lung mass since 2010;" and that he "was exposed to tuberculosis in 1994 and had six months of therapy."

4

The infected inmate was returned to USP Canaan on November 14, 2013 and immediately placed in isolation and separated from all inmates, where he remained until he was released. In the meantime, Bucklaw took action to identify and treat any potential cases of tuberculosis within USP Canaan. Kitt, who had no prior history of tuberculosis exposure, received several tuberculin skin tests. His skin tests on August 19 and October 8, 2013 were negative, but a repeat test on October 23, 2013, was positive. Kitt was asymptomatic for the active strain of TB and his chest x-rays were negative. He underwent a course of preventative care, including treatment with Isoniazid, and has since remained asymptomatic for active TB.

Under § 1346(b)(1) of the FTCA, federal district courts have jurisdiction over tort claims against the United States for "injury or loss of property, or personal injury or death" caused by the negligence of a federal government employee, if the claim would give rise to liability in the state where the tort occurred. 28 U.S.C. § 1346(b)(1). Accordingly, Kitt must identify and support a triable claim for negligence under Pennsylvania law. Under Pennsylvania law, a tort plaintiff must show that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) there is a causal connection between the breach and the resulting injury; and (4) the plaintiff suffered actual loss or damage. See Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998). A plaintiff must show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence, and Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury, Hamil v. Bashline, 392 A.2d 1280, 1284 (1978).

No genuine issue of fact exists to show that BOP staff knew or should have known that the inmate had active TB and should have been immediately isolated when he was transferred to USP Canaan in May, 2011. The summary judgment evidence shows that the inmate entered USP Canaan with the required documentation showing that he had a chest x-ray on April 20, 2011, which was negative for active TB and that the inmate was asymptomatic for active TB. Accordingly, that the inmate suffered from latent TB in 1994 and had, according to Dr. Liu, a "known lung mass since 2010," is immaterial.[1]

Kitt also argues, however, that BOP staff should have suspected that the inmate had active TB well before August, 2013. He points to the August 15, 2012 x-ray showing a mass in the inmate's chest, and cites the doctrine of *res ipsa loquitur*, arguing that he could not have contracted latent TB without negligence by BOP staff in connection with the specific inmate he has identified. The summary judgment record establishes, however, that the BOP's policies are designed to prevent exposure of inmates to TB, and that the policies and protocols were fully implemented and administered at USP Canaan by BOP staff in connection with the infected inmate. It is true that, after the inmate had been in the general population at USP Canaan for over a year, an August, 2012 x-ray showed a mass located in this inmate's left upper chest, but a physician's note specifically stated that there was no evidence of tuberculosis at that time. To the extent that Kitt is arguing that that the presence of the mass in August, 2012 was itself diagnostic of the inmate's active TB, notwithstanding the physician's note to the contrary, he proferred no evidence to show that any staff member at USP Canaan knew or

---

[1] Dr. Liu did *not* state in her report that the inmate had active TB in 1994.

had reason to know that the inmate had developed active tuberculosis prior to August 13, 2013, when he was evaluated at an outside hospital, nor does he have a medical expert to identify problems with the BOP's TB screening process. Moreover, Kitt failed to adduce any evidence to show that the BOP staff's alleged breach of a duty caused his exposure to TB. TB is an airborne contagion which can be spread merely by coughing or sneezing. Kitt did not have a medical expert to link any of his claimed damages to the alleged negligent acts, and, because of the airborne nature of the disease, more was needed than circumstantial proof of negligence to show a triable issue of causation, all as explained by the District Court and the Magistrate Judge.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment in favor of the Government on Kitt's FTCA claim.